UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-11002-KK-KSx** | Date: | December 12, 2025 |
| Title: | *Carlos Dorantes Estrada v. Todd Lyons et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Regarding Mootness

On November 17, 2025, petitioner Carlos Dorantes Estrada ("Petitioner") filed a Petition for Writ of Habeas Corpus against respondents Todd M. Lyons and Ernesto Santacruz, Jr. ("Respondents"). ECF Docket No. ("Dkt.") 1, Petition ("Pet."). On November 21, 2025, Petitioner filed an Ex Parte Application, seeking a Temporary Restraining Order enjoining Respondents from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)") within seven days. Dkt. 4 at 9.

On November 26, 2025, the Court granted Petitioner's Ex Parte Application and issued an order enjoining Respondents from relocating Petitioner outside the Central District of California pending final resolution of this case and from continuing to detain Petitioner unless they provided him with an individualized bond hearing before an IJ pursuant to Section 1226(a) within seven days of the order. Dkt. 7 at 7. The Court also ordered Respondents to show cause in writing within seven days of the order as to why the Court should not issue a preliminary injunction. Id.

On December 3, 2025, Respondents filed a Response to the Court's November 26, 2025 Order. Dkt. 8. In their Response, Respondents state Petitioner received a bond hearing on December 3, 2025, at which the IJ denied bond, finding Petitioner posed a flight risk. Id. at 1.

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Env't Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345

(9th Cir. 1987); <u>see also</u> <u>NASD Disp. Resol., Inc. v. Jud. Council</u>, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief they sought). Further, courts have an obligation to consider mootness <u>sua sponte</u> and should deny requested relief where it is superfluous. <u>In re Burrell</u>, 415 F.3d 994, 997 (9th Cir. 2005).

      Here, Petitioner requested a bond hearing on the merits or, in the absence of such hearing, release from custody. Pet. at 8. Given that Petitioner has received a determination on the merits of his bond request by an IJ as requested, <u>see</u> dkt. 8, it appears this case is moot. Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **seven (7) days** of this order as to why the Court should not dismiss the Petition as moot. Respondents may file a Response no later than **ten (10) days** from the date of this order.

      **IT IS SO ORDERED**.